## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAFETY-KLEEN SYSTEMS, INC. | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 02-CV-03565 |
| | ) | |
| DON R. PENNELL, | ) | |
| | ) | |
| Defendant. | ) | |

---

## ANSWER

---

Defendant, Don R. Pennell ("Pennell"), answers the Complaint of plaintiff, Safety-Kleen System, Inc. ("Safety-Kleen"), as follows:

1.     Pennell admits that Safety-Kleen seeks damages from him, that he is a former employee of Safety-Kleen's Malvern, Pennsylvania office, that he left his employment with Safety-Kleen on December 14, 2001, that his new employer is Heritage Crystal Clean, that Crystal Clean is a competitor of Safety-Kleen, that Crystal Clean has a facility in Fairless Hills, Bucks County, Pennsylvania, and that in the course of his employment with Crystal Clean he has called on Safety-Kleen customers. Pennell denies all remaining allegations of this paragraph, including, but not limited to, any implication or allegation that he has solicited Safety-Kleen customers within the geographical area in which he was soliciting or servicing Safety-Kleen customers prior to leaving Safety-Kleen.

2.     Pennell admits that Safety-Kleen is a waste management company that provides hazardous and industrial waste collection services to its customers. Pennell also admits

that Safety-Kleen typically enters into automatically renewable service agreements with its customers. Pennell denies all remaining allegations of this paragraph.

3.      Pennell admits that while employed by Safety-Kleen he had access to information such as the identity of Safety-Kleen's customers, the pricing of Safety-Kleen's services, the terms and expiration dates of Safety-Kleen's contracts with its customers, and historical information concerning customers' utilization rates and requirements. Pennell denies all remaining allegations of this paragraph.

4.      Pennell admits that Safety-Kleen requires its employees to enter into restrictive covenants and confidentiality agreements. Pennell denies all remaining allegations of this paragraph.

5.      Pennell admits that he entered into the Agreement attached as Exhibit A to Safety-Kleen's complaint, the terms of which are evident therein. Pennell denies all remaining allegations of this paragraph.

6.      Pennell denies the allegations of this paragraph.

7.      Pennell admits that as a result of his solicitations, Safety-Kleen has lost some customer accounts in Pennsylvania. Pennell denies all remaining allegations of this paragraph.

8.      Pennell admits that Safety-Kleen is in bankruptcy. Pennell is without sufficient information to admit or deny the remaining allegations of this paragraph.

9.    Pennell admits the allegations of this paragraph, expect that his title was never Regional Industrial Trainer or Regional Sales Support Specialist, but Divisional Industrial Trainer and Divisional Sales Support Specialist.

10.    Pennell admits that plaintiff purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 but denies that plaintiff is entitled to any recovery.

11.    Pennell admits the allegations of this paragraph.

12.    Pennell admits the allegations of this paragraph.

13.    Pennell admits the allegations of this paragraph.

14.    Pennell admits that Safety-Kleen enters into contracts with most of its customers to provide services for a term, typically two years, and that such contracts automatically renew for another two years unless cancelled by the customer within a certain period prior to the renewal date.  Pennell denies all remaining allegations of this paragraph.

15.    Pennell denies the allegations of this paragraph.

16.    Pennell denies the allegations of this paragraph.

17.    Pennell denies the allegations of this paragraph.

18.    Pennell admits that Safety-Kleen periodically generates spreadsheets known as Alpha Lists, which contain summary information including customer identity, purchasing history, pricing, service schedules, and expiration of service agreements.  Pennell denies all remaining allegations of this paragraph.

19.    Pennell denies the allegations of this paragraph.

20.    Pennell denies the allegations of this paragraph.

21.    Pennell admits that Crystal Clean is a competitor of Safety-Kleen in Pennsylvania and some other states.  Pennell denies all remaining allegations of this paragraph.

22.    Pennell admits the allegations of this paragraph, except that his title was never Regional Industrial Trainer or Regional Sales Support Specialist, but Divisional Industrial Trainer and Divisional Sales Support Specialist and he did not travel throughout the entire United States training Safety-Kleen employees, but worked primarily on the Eastern Seaboard and occasionally in the Midwest.

23.    Pennell admits that as a sales representative he called on and had direct contact with customers and potential customers of Safety-Kleen, that as a Branch Industrial Manager he had occasional contact with customers, and that as a Divisional Industrial Trainer and Divisional Sales Support Specialist he had infrequent and sporadic contact with customers. Pennell denies all remaining allegations of this paragraph.

24.    Pennell denies the allegations of this paragraph.

25.    Pennell denies the allegations of this paragraph.

26.    Pennell admits the allegations of this paragraph.

27.    Pennell admits the allegations of this paragraph, except that at the time he left Safety-Kleen was not a Regional Sales Support Specialist, but a Divisional Sales Support Specialist.

4

28.    Pennell admits Exhibit A is a true and correct copy of an agreement he entered into on June 27, 1985, the terms of which are evident therein.  Pennell denies all remaining allegations of this paragraph.

29.    Pennell admits that Safety-Kleen refers to Chester, Lancaster, and Montgomery Counties, Pennsylvania when it refers to "Geographic Area" herein.  Pennell denies all remaining allegations of this paragraph.

30.    Pennell denies the allegations of this paragraph.

31.    Pennell admits Exhibit B is a true and correct copy of an agreement he signed on January 2, 2002, the terms of which are evident therein.  Pennell denies all remaining allegations of this paragraph.

32.    Pennell denies the allegations of this paragraph.

33.    Pennell admits the allegations of this paragraph, except that he is a not an East Coast Sales Manager, but a Branch Sales Manager for Crystal Clean.

34.    Pennell admits that he has competed and continues to compete within the Geographic Area as defined by plaintiff, but only in a portion of Philadelphia County in which he did not regularly call on customers for Safety-Kleen.  Pennell denies all remaining allegations of this paragraph.

35.    Pennell admits that he has solicited, and is continuing to solicit Safety-Kleen's customers within the Geographic Area as defined by plaintiff, but only in a portion of Philadelphia County in which he did not regularly call on customers for Safety-Kleen.  Pennell

admits that, despite notifying Safety-Kleen of his new employment, he received one severance payment from Safety-Kleen while employed by Crystal Clean and soliciting Safety-Kleen customers. Pennell admits that he solicited some of the customers identified by Safety-Kleen and secured business from some of the customers so identified. Pennell admits that all of the identified customers are within 95 miles of the Geographic Area as defined herein and that all of the Philadelphia County customers are within the Geographic Area as defined herein, but denies that he has solicited any customers or solicited any business in that portion of Philadelphia County (or elsewhere within the Geographic Area) in which he was responsible for customers while employed by Safety-Kleen. Pennell denies all remaining allegations of this paragraph.

36.    Pennell denies the allegations of this paragraph.

37.    Pennell denies the allegations of this paragraph.

38.    Pennell admits the allegations of this paragraph.

39.    Pennell denies the allegations of this paragraph.

## COUNT I
## BREACH OF CONTRACT (1985 AGREEMENT)

40.    Pennell incorporates by reference his answers to paragraphs 1 through 39 as if fully set forth herein.

41.    Pennell denies the allegations of this paragraph.

42.    Pennell denies the allegations of this paragraph.

43.    Pennell denies the allegations of this paragraph.

## COUNT II
## __BREACH OF CONTRACT (SEVERANCE AGREEMENT)__

44.    Pennell incorporates by reference his answers to paragraphs 1 through 43 as if fully set forth herein.

45.    Pennell denies the allegations of this paragraph.

46.    Pennell denies the allegations of this paragraph.

47.    Pennell denies the allegations of this paragraph.

## COUNT III
## TORTIOUS INTERFERENCE WITH ACTUAL AND
## __PROSPECTIVE CONTRACTUAL RELATIONS__

48.    Pennell incorporates by reference his answers to paragraphs 1 through 47 as if fully set forth herein.

49.    Pennell denies the allegations of this paragraph.

50.    Pennell denies the allegations of this paragraph.

51.    Pennell denies the allegations of this paragraph.

52.    Pennell denies the allegations of this paragraph.

53.    Pennell denies the allegations of this paragraph.

## COUNT IV
## MISAPPROPRIATION OF TRADE SECRETS

54.    Pennell incorporates by reference his answers to paragraphs 1 through 53 as if fully set forth herein.

55.    Pennell denies the allegations of this paragraph.

56.    Pennell denies the allegations of this paragraph.

57.    Pennell denies the allegations of this paragraph.

58.    Pennell denies the allegations of this paragraph.

59.    Pennell denies the allegations of this paragraph.

60.    Pennell denies the allegations of this paragraph.

61.    Pennell denies the allegations of this paragraph.

62.    Pennell denies the allegations of this paragraph.

63.    Pennell denies the allegations of this paragraph.

## AFFIRMATIVE DEFENSES

1.    Safety-Kleen's claims are barred in whole or in part by the doctrines of estoppel, laches, and waiver.

2.    Safety-Kleen's claims are barred in whole or in part by the doctrine of unclean hands.

3.    Safety-Kleen's claims are barred in whole or in part by the overbreadth, unreasonableness, and unenforceability of the restrictive covenant contained in the Agreement.

4.    Safety-Kleen's claims are barred in whole or in part by its failure to mitigate its damages.

5.    Safety-Kleen's claims are barred in whole or in part by its acts to establish and maintain an illegal monopoly in the market for the goods and services offered by Crystal Clean.

WHEREFORE, Pennell respectfully requests that the Court grant judgment in his favor and against plaintiff, together with costs, expenses, attorneys' fees and such other relief as may be just and proper.

Sherry A. Swirsky (I.D. No. 27814)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
Telephone: (215) 751-2000
Facsimile:  (215) 972-7475

Timothy A. Duffy
KIRKLAND & ELLIS
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile:  (312) 861-2200

ATTORNEYS FOR DEFENDANT
DON R. PENNELL

Dated:  June 26, 2002.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer has been served on counsel for plaintiff by overnight delivery to:

Jason K. Cohen, Esquire
Stradley, Ronon, Stevens & Young, LLP
2600 One Commerce Square
Philadelphia, PA 19103

Cherie W. Blackburn, Esquire
Amy Yager Jenkins, Esquire
Nelson, Mullins, Riley & Scarborough, L.L.P.
151 Meeting Street, Suite 600
P.O. Box 1806
Charleston, South Carolina 29401


_____
Sherry A. Swirsky

Dated:  June 26, 2002.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Uncontested Motion of Defendant, Don R. Pennell, for the Admission of Timothy A. Duffy *Pro Hac Vice* and supporting papers has been served on counsel for plaintiff by overnight delivery to:

    Jason K. Cohen, Esquire
    Stradley, Ronon, Stevens & Young, LLP
    2600 One Commerce Square
    Philadelphia, PA 19103

    Cherie W. Blackburn, Esquire
    Amy Yager Jenkins, Esquire
    Nelson, Mullins, Riley & Scarborough, L.L.P.
    151 Meeting Street, Suite 600
    P.O. Box 1806
    Charleston, South Carolina 29401


                                        _____
                                        Sherry A. Swirsky

Dated:  June 26, 2002.

11